IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH SMITH,

     Plaintiff,                    No. CIV 2:11-cv-3092-MCE-JFM (PS)

   vs.

SACRAMENTO COUNTY COURT
MAGISTRATE JUDGE,              <u>ORDER AND</u>

     Defendant.                <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court has reviewed the complaint and finds it subject to dismissal for lack of jurisdiction.  Plaintiff brings suit against a "magistrate judge" in the Sacramento County Superior Court for various decisions rendered by the judge during the proceedings underlying plaintiff's 2008 conviction[1] for grand theft.  Plaintiff claims the judge denied plaintiff's request to appoint a new attorney, incorrectly identified plaintiff as having two strikes instead of one strike, and improperly denied plaintiff's request to withdraw his plea.

It is well settled that judges and those performing judge-like functions are absolutely immune from 42 U.S.C. § 1983 damage liability for acts performed in their judicial capacities, "even when such acts are in excess of their jurisdiction, and are alleged to have been

---

[1] It is unclear from the complaint whether plaintiff pleaded guilty or whether he was convicted following a trial. This distinction, however, does not alter the recommendation of the undersigned.

1  done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356 (1978).  An act is
2  judicial when it is a function normally performed by a judge [and the parties] dealt with the
3  judge in his judicial capacity." Id.  A judge is subject to liability only when he or she acts in the
4  clear absence of all jurisdiction. Id.  Because there is no allegation that the judge acted in the
5  clear absence of all jurisdiction and because the acts were judicial in nature, the judge is entitled
6  to absolute immunity. Id.

   In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request for leave to proceed in forma pauperis is granted; and

   IT IS HEREBY RECOMMENDED THAT plaintiff's complaint be dismissed.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 95 1 F.2d 1153 (9th Cir. 1991).

DATED: December 22, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;smit3092.fr